# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LUIS VASQUEZ,<br><br>                  Plaintiff,<br>v.<br><br>ANN YORK, CHRYSTAL MARCHANT, MARK JENSEN, BETH DITTMANN, JANE DOE 1, JANE DOE 2, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3,<br><br>                  Defendants. | Case No. 23-CV-1406-JPS<br><br>**ORDER** |

        Plaintiff Luis Vasquez, an inmate confined at Waupun Correctional Institution ("WCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights by denying him dental care. ECF No. 1. Plaintiff paid the filing fee in full on November 8, 2023. This Order screens Plaintiff's complaint.

**1.    FEDERAL SCREENING STANDARD**

        Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

        In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of

Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.   **PLAINTIFF'S ALLEGATIONS**

Plaintiff names Defendants Ann York ("York"), Chrystal Marchant ("Marchant"), Mark Jensen ("Mark Jensen"), Beth Dittmann, ("Dittmann"), and various Jane/John Does ("Does"). ECF No. 1 at 1–2. On April 6, 2018, while eating lunch, Plaintiff accidently chewed on a piece of a chicken bone. *Id.* at 2. Plaintiff immediately began experiencing severe and throbbing pain in his lower right molar. *Id.* Plaintiff took some Ibuprofen and Excedrin with cold water to try and alleviate the pain. *Id.* Plaintiff immediately began

to experience sharp sensitivity pain in addition to the severe throbbing tooth pain. *Id.* The pain was so bad that Plaintiff could not finish his lunch. *Id.* at 2–3. Plaintiff's pain made it difficult to chew or drink cold fluids. *Id.* at 3. Plaintiff told staff that he had an urgent dental need; staff told Plaintiff to submit a dental service request. *Id.*

Later that day, Plaintiff submitted a detailed dental service request for urgent dental care. *Id.* The following day, HSU received Plaintiff's request because dental staff were not on site. *Id.* Jensen and Jane Doe 1 forwarded his request to the DSU despite knowing that dental staff were not on site. *Id.* According to health services protocols, HSU staff are required to triage DSRs when dental staff is not on site. *Id.* Jensen and Jane Doe 1 failed to treat Plaintiff' serious medical condition that day. *Id.* at 4.

Four days later, on April 10, 2018, Plaintiff received a response from dentist John Doe 1 or 2, indicating that Plaintiff was placed on the essential wait list. *Id.* Plaintiff believed that his serious medical condition required prompt medical treatment. *Id.* Plaintiff notified staff again that he had an urgent dental need, and he was again encouraged to submit a DSR because HSU staff would not come at that time of night for a non-medical emergency. *Id.* At approximately 1:31 a.m., Plaintiff tried to write a letter to HSU Manager Marchant and an inmate complaint. *Id.* Plaintiff was unable to do so, however, because his pain prevented him from concentrating. *Id.* Plaintiff did not finish his HSMU request until 6:29 a.m. and his inmate complaint until 8:00 a.m. *Id.*

Plaintiff reiterated his medical concerns to Marchant in his letter. *Id.* On April 13, 2018, Jensen responded to Plaintiff's letter to tell him that he had a nursing sick call that day. *Id.* Later that day, the cell hall sergeant told Plaintiff that he had an emergency pass. *Id.* When he arrived at HSU, he

Page 3 of 9
Case 2:23-cv-01406-JPS   Filed 12/28/23   Page 3 of 9   Document 5

saw York in the nursing room. *Id.* York asked what his pain level was, and Plaintiff told her that it was an eight out of ten but that it increased when chewing food or drinking cold fluids. *Id.* York examined his tooth and said that his gums were swollen where the tooth was located. *Id.* York checked Plaintiff's vitals and his blood pressure was elevated to 158/100. *Id.* York told him that the dental staff was not on site, but that HSU would give him Tylenol 3 with Codeine for the pain and Clindamycin for the tooth infection. *Id.* at 5. Despite this treatment, Plaintiff still experienced significant pain but not as severe as before.

On April 17, 2018, Plaintiff saw the dentist John Doe 1 to have his tooth removed. *Id.* The tooth was not extracted because Plaintiff's blood pressure was seriously elevated at 171/115. *Id.* John Doe caused Plaintiff's tooth extraction to be delayed four days and York contributed by failing to expedite his appointment. *Id.* On April 18, 2018, Plaintiff saw John Doe 2 and his dental assistant Jane Doe 2 to have the molar removed. *Id.* John Doe 2 and Jane Doe 2 subjected Plaintiff to cruel and unusual punishment during the pre-extraction process. *Id.* They ignored his complaints of needless pain because after ten unsuccessful attempts and for over thirty minutes, the molar was not moving after the same unsuccessful procedure. *Id.* Plaintiff names Dittmann as a defendant because she responded to his medical complaints unreasonably and denied him the right to be free from cruel and unusual punishment. *Id.* Plaintiff names Marchant and Medical Director John Doe 3 for their failure to implement a policy of prompt dental care and their deficiency in dentists. *Id.* at 5–6.

3. **ANALYSIS**

The Court finds that Plaintiff may proceed against Jensen, Marchant, Dittmann, York, Jane Doe 1, Jane Doe 2, John Doe 1, and John Doe 2 on an

Page 4 of 9
Case 2:23-cv-01406-JPS   Filed 12/28/23   Page 4 of 9   Document 5

Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)).

"A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640). At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against Jensen, Dittmann, York, Jane Doe 1, Jane Doe 2, John Doe 1, and John Doe 2. Plaintiff alleges tooth pain for over two weeks, and that Defendants failed to provide him adequate treatment or pain medication. As such, Plaintiff may proceed against Jensen, Marchant, Dittmann, York, Jane Doe 1, Jane Doe 2, John Doe 1, and John Doe 2 on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical need. The Court will not allow Plaintiff to proceed, however, against Medical Director John Doe 3. Plaintiff

claims only generally that John Doe 3 failed to implement proper dental policy or staff enough dentists. He does not claim that John Doe 3 had any personal involvement with, or knowledge of Plaintiff's need for dental treatment. As such, the Court will dismiss John Doe 3 for the failure to state a claim against him.

4. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment claim against Jensen, Marchant, Dittmann, York, Jane Doe 1, Jane Doe 2, John Doe 1, and John Doe 2 for their deliberate indifference to Plaintiff's serious medical need.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines, including a deadline to identify the Doe defendants.

Accordingly,

**IT IS ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on **Defendants Jensen, Marchant Dittmann, and York**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that Defendant John Doe 3 be and the same is hereby **DISMISSED** from this action; and

Page 7 of 9
Case 2:23-cv-01406-JPS   Filed 12/28/23   Page 7 of 9   Document 5

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 28th day of December, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.** If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.